IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER KITTS #451752,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NO. 3:23-cv-00672** |
| v. | ) | |
| | ) | **JUDGE CAMPBELL** |
| **CORE CIVIC ET AL,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Christopher Kitts filed a pro se civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of confinement at Trousdale Turner Correctional Center (TTCC). (Doc. No. 1). Plaintiff brought this case in the Eastern District of Tennessee, and the Eastern District granted him pauper status and transferred the case here. (Doc. No. 4). The Complaint names one Defendant: "Core Civic Et Al." (Doc. No. 1 at 3). The Court takes judicial notice that CoreCivic is a private entity contracted to manage TTCC.[1] The Complaint is before the Court for initial review, as required by the Prison Litigation Reform Act. And as explained below, Plaintiff fails to state a claim against the only named Defendant at this time. Therefore, for this case to proceed, Plaintiff **MUST** file an Amended Complaint by following the instructions at the end of this Order.

### I. REVIEW OF THE COMPLAINT

The Court must review and dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c). To do so, the Court applies the same standard as under Federal Rule

---

[1] *See* https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center.html (last visited July 10, 2023); Fed. R. Evid. 201(b) (allowing notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court accepts the "well-pleaded allegations in the complaint as true" and determines if those allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). And because Plaintiff is representing himself, the Court holds the Complaint to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Liberally construing the Complaint in Plaintiff's favor, he alleges as follows: In early 2023, Plaintiff was being extorted by other inmates on TTCC's main compound, leading to an attack on February 5. Plaintiff had several people call TTCC to report the extortion and attack, including his mother, girlfriend, and the mother of one of his children. His mother left a message for the warden, and his girlfriend and the mother of his child could not get anyone to answer. Soon after February 5, other inmates pulled Plaintiff off the top bunk and beat him severely, resulting in damage to his left hand, leg, and foot, as well as loss of hearing. Plaintiff was in the hospital for 10 days and had 4 surgeries. Specialists later confirmed Plaintiff's hearing loss and nerve damage. When Plaintiff returned to TTCC, he was placed on "protective custody investigation," and as a result of this status, he has been housed off of TTCC's main compound. Around the time Plaintiff filed the Complaint in late June 2023, however, "the computer changed" Plaintiff's status and TTCC staff told him to return to the main compound. Plaintiff refused, fearing for his life if he returns to the main compound. TTCC staff gave Plaintiff a write-up for refusing cell assignment.

Section 1983, the law that Plaintiff relies on to bring this case, lets an individual pursue a civil claim against a state actor for violating the Constitution. *See Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). CoreCivic is a state actor for Section 1983 purposes. *See Nugent v. Spectrum Juv. Just. Servs.*, No. 22-1487, 2023 WL 4230225, at *4 (6th Cir. June 28, 2023). And

2

Plaintiff, as a prisoner, has an Eighth Amendment right to be free from violence at the hands of other prisoners. That right is violated when a defendant is "deliberately indifferent" to inmate health or safety. This claim has an "objective" and a "subjective" component. The objective component requires a plaintiff to allege that he was "incarcerated under conditions posing a substantial risk of serious harm." And the subjective component requires a plaintiff to allege that a defendant knew of and consciously disregarded that risk. *See Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 726 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994)).

There are two separate events alleged in the Complaint, with the first of the two being closer to stating a claim for deliberate indifference to Plaintiff's health and safety at this time. The first event is the severe beating that Plaintiff sustained in February 2023. Objectively, the extortion and attack by other inmates prior to this event reflect that Plaintiff's conditions of confinement may have posed a substantial risk of serious harm. And subjectively, the phone calls by Plaintiff's outside advocates may have provided notice of that risk to certain TTCC staff members, who may have disregarded that risk by doing nothing. But to state a Section 1983 claim on this basis against CoreCivic—the only named Defendant—Plaintiff must allege that the constitutional violation was directly caused by CoreCivic's policy or custom. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012). And Plaintiff's allegations do not allow the Court to reasonably infer that a policy or custom of CoreCivic played a role in this event.

The second event has even further to go before stating a claim. It is the order of TTCC staff for Plaintiff to return to the main compound in June 2023. Objectively, Plaintiff alleges that he fears for his life if he returns, but he does not support this allegation with any facts. If the Court is meant to infer that Plaintiff expects to be extorted and assaulted by other inmates again, like he was before the February 2023 event, then Plaintiff should allege facts to support that inference.

3

Subjectively, Plaintiff alleges that he refused the orders of TTCC staff to return to the main compound, but he does not allege that any staff members knew about and disregarded a substantial risk to Plaintiff's safety on the compound. And finally, as with the first event, Plaintiff's allegations do not allow the Court to reasonably infer that a policy or custom of CoreCivic played a role in his change in custody status and the order to return to the main compound.

Rather than dismiss the case, however, the Court will give Plaintiff a chance to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint for prisoners.

## II. INSTRUCTIONS TO PLAINTIFF

For this case to proceed, Plaintiff **MUST** file an Amended Complaint that states a claim against one or more Defendants. To sue CoreCivic and/or a specific TTCC staff member, Plaintiff must clearly list CoreCivic and/or that staff member as a Defendant on the Amended Complaint form. Plaintiff should provide as much detail as possible about 1) how each specific Defendant allegedly failed to protect him from the severe beating in February 2023 and 2) how each specific Defendant failed to protect him from a substantial risk of harm on the main compound by ordering him to return there in June 2023. Plaintiff should focus on telling the Court basic factual information about how each Defendant was involved in each event—the "who, what, when, where, why, and how." The Amended Complaint will replace the original complaint for all purposes, so it must include all the factual allegations, legal claims, and Defendants that Plaintiff wants to pursue regarding these issues. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

Plaintiff **MUST** file the Amended Complaint within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, **No. 3:23-cv-00672**. Plaintiff

4

Case 3:23-cv-00672   Document 8   Filed 07/11/23   Page 4 of 5 PageID #: 8

may request more time to comply before the deadline expires, if necessary. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

When the Court receives the Amended Complaint, it will conduct a fresh screening to decide if Plaintiff states a claim for relief. If Plaintiff does not file an Amended Complaint, however, then the Court will dismiss this case for failure to state a claim. Additionally, failure to promptly inform the Court of any change in address may result in dismissal of the case without further Order. M.D. Tenn. L.R. 41.01(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE