**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER KITTS #451752,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:23-cv-00672** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **CORE CIVIC ET ALL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Christopher Kitts, an inmate at Trousdale Turner Correctional Center (TTCC), filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court screened the Complaint, determined that it failed to state a claim, and gave Plaintiff a chance to file an Amended Complaint. (Doc. No. 8). Plaintiff has now filed a complete Amended Complaint. (*See* Doc. No. 9 (first 5 pages of complaint form, plus 2 pages of allegations); Doc. No. 12 (last 6 pages of complaint form, including signature page)). As explained below, the Amended Complaint fails to state a claim as well, and this case will be **DISMISSED**.

## I. INITIAL REVIEW

The Court must review the Amended Complaint and dismiss any portion that is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915A. The Court must also hold this pro se pleading to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### A. Allegations

This case concerns Plaintiff's conditions of confinement at TTCC. The Amended Complaint names seven Defendants: "Core Civic et All," which the Court will treat the same as

naming CoreCivic[1]; Sgt. Pollard, a "yard [sergeant]"; Internal Affairs Officer Eustache; Sgt. Mitchell; Chief Williams; Assistant Warden Norman; and Sgt. Young. (Doc. No. 9 at 2–3, 6). Liberally construing the Amended Complaint in Plaintiff's favor, he alleges as follows.

In November 2022, several people close to Plaintiff called TTCC to report that Plaintiff was being extorted and assaulted by other inmates. (*Id.* at 6). His mother left a message for the warden, and his girlfriend and the mother of his child could not get anyone to answer. (*Id.*). No one from TTCC responded to these calls. (*Id.*).

On February 5, 2023, three inmates pulled Plaintiff from the top bunk in his cell and attacked him. (*Id.* at 4–5). Plaintiff sustained damage to his hearing and his left hand, leg, and foot, requiring him to be in the hospital for ten days and undergo four surgeries. (*Id.* at 5, 7). Plaintiff used a walker for a month and stayed in the TTCC infirmary until his "stitches were ready to come out." (*Id.* at 7). Specialists later confirmed that Plaintiff has hearing loss and nerve damage. (*Id.*).

Plaintiff is currently "housed as disciplinary in seg[regation]," where he does not have access to a legal aid or law library, he is "losing [his] good days," and he has restrictions ordering commissary packages. (*Id.* at 6). TTCC staff members have tried to transfer Plaintiff back to the main compound in general population several times. (*Id.*). Plaintiff refused, fearing for his life. (*Id.*). This resulted in Plaintiff receiving multiple write-ups for refusing cell assignment. (*Id.*).

Plaintiff gave Warden Vantell information and asked him to be placed on protective custody. (*Id.*). He also gave a written statement explaining his safety concerns and requesting placement on administrative protective custody to several TTCC staff members, including the individual Defendants. (*Id.*). Each person "throw[s] it off to the next person to contact." (*Id.* at 7).

---

1 The Court takes judicial notice that CoreCivic is a private entity contracted to manage TTCC. *See* https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center.html (last visited Aug. 30, 2023).

**B. Legal Standard**

When conducting the initial review required by the Prison Litigation Reform Act, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470– 71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).

**C. Analysis**

Plaintiff brings this case under 42 U.S.C. § 1983. (Doc. No. 9 at 3). Section 1983 allows an individual to pursue a civil claim against a state actor for violating the Constitution. *See Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).

As an initial matter, the Court notes that the Amended Complaint suffers from the same deficiency as the original Complaint with respect to Defendant CoreCivic. That is, to state a claim against a private entity like CoreCivic under Section 1983, Plaintiff must allege that CoreCivic had a policy or custom that directly caused him to suffer a constitutional violation. *See Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012). And the allegations in the Amended Complaint, even liberally construed, do not allow the Court to reasonably infer that a policy or custom of CoreCivic played a role in this case. So Plaintiff fails to state a claim against CoreCivic.

As for the individual Defendants, Plaintiff's allegations implicate his Eighth Amendment right to be free from violence at the hand of other prisoners. That right is violated when a defendant is "deliberately indifferent" to inmate health or safety. This claim has an "objective" and a "subjective" component. The objective component requires a plaintiff to allege that he was "incarcerated under conditions posing a substantial risk of serious harm." And the subjective

component requires a plaintiff to allege that a defendant knew of and consciously disregarded that risk. *See Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 726 (6th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994)).

Plaintiff alleges that he sustained a severe beating from three other inmates in February 2023. Plaintiff satisfies the objective component of an Eighth Amendment claim stemming from this incident by alleging that other inmates extorted and assaulted him in the months preceding the beating. Those allegations, accepted as true, reflect that Plaintiff faced a substantial risk of serious harm at the time of the February 2023 beating.

But Plaintiff has not satisfied the subjective component for this claim. The subjective component requires the Court to "consider whether each individual defendant had a sufficiently culpable state of mind." *Krutko v. Franklin Cnty., Ohio*, 559 F. App'x 509, 511 (6th Cir. 2014) (quoting *Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 542 (6th Cir. 2008)). And "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011) (citing *Farmer*, 511 U.S. at 841–42).

Here, Plaintiff alleges that several people called TTCC to report that Plaintiff was being extorted and assaulted by other inmates in the lead up to the February 2023 beating. But Plaintiff also alleges that the callers either could not get anyone to answer or were forced to leave a message for the warden, and that no one from TTCC responded to the calls. Based on these allegations, the Court simply has no basis to impute knowledge of the calls or their contents to an individual Defendant (or to *any* particular TTCC staff member). And to the extent that Plaintiff is seeking to hold one or more Defendants responsible for the beating based on their supervisory position, the failure to act in response to a complaint does not subject a supervisor to liability under Section

1983. *See Jones v. Clark Cnty., Ky.*, 959 F.3d 748, 761 (6th Cir. 2020) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) ("Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act.")). Accordingly, despite the severity of the alleged incident, Plaintiff has not plausibly alleged that any Defendant had the state of mind necessary to state a claim for failing to protect Plaintiff from the February 2023 beating.

Plaintiff also fails to state a claim based on the effort to transfer him from segregation back to the main compound. Plaintiff alleges that he has refused this effort because he fears that being housed on the main compound would put his life in danger. Plaintiff alleges that he gave Defendants a written explanation of this fear, which is presumably based on the assumption that he will experience a repeat of the extortion and assault he experienced in late 2022 and early 2023. Plaintiff's focus on these painful past events may be understandable, but as the Court explained when it reviewed the original Complaint, the objective component of this claim requires Plaintiff to allege something more. (*See* Doc. No. 8 at 3 ("If the Court is meant to infer that Plaintiff expects to be extorted and assaulted by other inmates again, like he was before the February 2023 event, then Plaintiff should allege facts to support that inference.")). And in the Amended Complaint, as in the original Complaint, Plaintiff does not allege any facts to support the inference that he faces a *current*, substantial threat of physical harm upon his return to the main compound. So Plaintiff has not plausibly alleged a failure-to-protect claim on this basis.

## II. CONCLUSION

For these reasons, the Amended Complaint does not cure the deficiencies identified in the original Complaint. Accordingly, this case is **DISMISSED** for failure to state a claim. 28 U.S.C. § 1915A. The Court also **CERTIFIES** that any appeal in this matter would not be in good faith, so the Court will not grant Plaintiff pauper status for any appeal. 28 U.S.C. § 1915(a)(3).

Plaintiff's second application to proceed as a pauper (Doc. No. 10) is **DENIED** as moot, as the Eastern District of Tennessee already granted Plaintiff pauper status when it transferred the case to this district. (Doc. No. 4 at 1–2).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE